IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| FREDERICK THOMAS, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-866-NJR |
| SERGEANT WEAVER, SERGEANT MASON, MS. McDONALD, and C/O THRASHER, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Frederick Thomas, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants were deliberately indifferent to the conditions of his cell, in violation of the Eighth Amendment. He seeks monetary damages and injunctive relief.[1]

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

---

[1] Plaintiff includes a request for unspecified injunctive relief in the opening paragraph of the Complaint but does not mention this request anywhere else.

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: On May 10, 2019, Plaintiff was placed in cell R6-CL-05 at Lawrence. Plaintiff noticed that the toilet was not working and would not flush. He informed Sergeant Weaver that the toilet did not work, but Weaver told him to speak with his gallery officer. (Doc. 1, p. 2). He spoke with Correctional Officer ("C/O") Thrasher, and Thrasher informed Plaintiff he would put in a work order for the cell but then refused to do so. (*Id.* at pp. 2-3). On May 13, 2019, he spoke with Lieutenant McDonald about the broken toilet, but she told him there was nothing she could do for him. (*Id.* at p. 3). He informed McDonald that he and his cellmate had been using the toilet for days without being able to flush it, and it was now filled with urine and feces. She reiterated that there was nothing she could do for him. (*Id.*). He spoke with Sergeant Mason on May 25, 2019, and informed him of the non-working toilet. (*Id.* at p. 5). Sergeant Mason told him that if the toilet was a real problem, Plaintiff would be moved out of the cell. It does not appear, however, that Plaintiff was ever moved from the cell, and Plaintiff alleges that Sergeant Mason failed to submit a work order for the toilet. (*Id.*). Plaintiff alleges that he and his cellmate have been forced to relieve themselves in the stagnant water since being placed in the cell, and they have not been provided with cleaning supplies to clean the cell. (*Id.* at pp. 4-5). The cell also lacks hot water, and the cold water is on a timer. As a result, Plaintiff is unable to adequately clean himself after using the full toilet. (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** Sergeant Weaver, Sergeant Mason, Ms. McDonald, and C/O Thrasher were deliberately indifferent to Plaintiff's cell conditions in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

The Court finds that Plaintiff states a claim for deliberate indifference to his conditions of confinement for being placed in a cell without a working toilet. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir.1997) (not only severity but duration of the condition that determines if condition is unconstitutional). Thus, Count 1 will proceed against Sergeant Weaver, Sergeant Mason, Ms. McDonald, and C/O Thrasher.

Plaintiff also seeks injunctive relief in his Complaint. Accordingly, the Court adds Deanna Brookhart, warden of Lawrence Correctional Center (official capacity only), as a defendant for the sole purpose of carrying out any injunctive relief that is ordered. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). All official capacity claims against Sergeant Weaver, Sergeant Mason, Ms. McDonald, and C/O Thrasher are **DISMISSED without prejudice**.

## Motion for Counsel

Plaintiff states in his motion for counsel (Doc. 5) that he has written four attorneys. Unfortunately, however, he fails to state whom he wrote and when he wrote to them. Based on this limited information, the Court cannot determine if Plaintiff has made a *reasonable* attempt to obtain counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case. Plaintiff's motion for counsel (Doc. 5) is **DENIED without prejudice**.

## Disposition

For the reasons set forth above, Count 1 shall proceed against Sergeant Weaver, Sergeant Mason, Ms. McDonald, and C/O Thrasher. To the extent that Plaintiff seeks injunctive relief, the Clerk is **DIRECTED** to **ADD** Deanna Brookhart (official capacity only) to the docket.

The Clerk of Court shall prepare for Defendants Sergeant Weaver, Sergeant Mason, Ms. McDonald, C/O Thrasher, and Deanna Brookhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A). Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: 10/15/2019

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**