IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FREDERICK THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-866-RJD |
| | ) | |
| SGT. WEAVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Dismiss for Failure to Prosecute or in the Alternative, Motion for Extension of Time to Take Plaintiff's Deposition (Doc. 34).  For the reasons set forth below, the Motion is **GRANTED** as to Defendants' request to dismiss.

**Background**

Plaintiff Frederick Thomas, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges he was placed in an unsanitary cell with a broken toilet and Defendants refused to address the issue.  Plaintiff is proceeding in this matter on an Eighth Amendment claim against Defendants Weaver, Mason, McDonald, and Thrasher related to the conditions of his cell. Defendant Brookhart was added as a defendant only in her official capacity for the sole purpose of carrying out any injunctive relief.

On April 22, 2020, Plaintiff filed a notice of change of address with the Court (Doc. 22). Plaintiff's address was updated on the docket sheet and reflected that he was released from prison.

Pursuant to the Scheduling and Discovery Order entered on June 12, 2020, discovery in this matter was to be completed by April 9, 2021. In the Scheduling Order, Defendants were given leave to depose Plaintiff and Plaintiff was advised that his "failure to cooperate in the taking of a deposition … may result in sanctions, including the dismissal of this lawsuit" (Doc. 28).

In the motion now before the Court, Defendants explain they filed a motion for extension of time to complete discovery on April 9, 2021 (*see* Doc. 29). In the motion, counsel indicated she sent Plaintiff a letter on March 30, 2021 requesting his availability for a deposition, but did not receive any response. Subsequent letters were sent by counsel for Defendants on May 3, 2021 and May 12, 2021 via certified mail. No response has been received.

Defendants assert Plaintiff's failure to respond to their letters to assist in scheduling Plaintiff's deposition is prejudicial as they must continue to defend a case that Plaintiff has no interest in litigating. Defendants move to dismiss Plaintiff's case for failure to prosecute or ask, in the alternative, that they be granted an extension of time to complete Plaintiff's deposition and file a dispositive motion.

## Discussion

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2

F.3d 752, 760 (7th Cir. 1993)).   Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion.  *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.  *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Dismissal in this case is warranted under Rule 41(b).  Plaintiff has failed to engage in discovery with Defendants and has not yet sat for a deposition.  Plaintiff was warned that his failure to cooperate in the taking of a deposition may result in sanctions, including the dismissal of this lawsuit.  Further, Plaintiff has failed to respond to Defendants' motion to dismiss despite being given ample time and opportunity.   The Court also notes there is no indication in the docket that Plaintiff has not received any filings in this case.   While the Court notes there may be lesser sanctions available, they would be unavailing as Plaintiff has clearly lost interest in litigating this case.  At this juncture, the discovery deadline passed on June 8, 2021, and dispositive motions were to be filed on July 6, 2021.  Defendants clearly cannot file a dispositive motion without Plaintiff's cooperation in being deposed.  The Court is not inclined to expend significant resources, and require Defendants to do the same, if Plaintiff is not demonstrating diligence in pursuing this case.

For these reasons, Defendants' Motion to Dismiss for Failure to Prosecute or in the Alternative, Motion for Extension of Time to Take Plaintiff's Deposition (Doc. 34) is **GRANTED**

and this matter is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 12, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
